IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL A. O'CONNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 01-1895 |
| | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

## SYNOPSIS

The Commissioner of Social Security and the Plaintiff have filed Cross-Motions for Summary Judgment on the issue of whether the Administrative Law Judge's ("ALJ") decision denying disability insurance benefits is supported by substantial evidence of the record. (Docket Nos. 9 and 13). After careful deliberation, and for the reasons set forth below, I find the ALJ's decision denying benefits is supported by substantial evidence. As a result, Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied, the Commissioner's Motion for Summary Judgment (Docket No. 13) is granted.

1

**OPINION**

**I. BACKGROUND**

Plaintiff, Cheryl A. O'Connell, filed an application for disability insurance benefits ("DIB") on a protective filing date of April 3, 2000. (R. 9, 26). Plaintiff claims eligibility for DIB as of December 31, 1997, alleging disability due to cerebral palsy and severe arthritis (R. 51-52). Her application was denied initially and upon reconsideration, and then again by an Administrative Law Judge on June 14, 2001, following a hearing. (R. 25-27). The Appeals Council denied Plaintiff's request for review, and Plaintiff subsequently appealed to this Court. (R. 28-31). On December 17, 2001, the Commissioner filed an unopposed Motion to Remand due to an inability to locate both the file of the ALJ's decision and the tape recording of the initial administrative hearing held on January 18, 2001. (R. 32-35). On January 4, 2002, this Court granted the Commissioner's Motion to Remand and the case was closed. On February 19, 2002, the Appeals Council remanded the case to the ALJ. (R. 36-38).

On remand, Plaintiff's counsel requested that the case be decided on the record without the necessity of a hearing. (R. 39-40). On November 29, 2002, the ALJ concluded that Plaintiff was not entitled to DIB. (R. 9-12). Specifically, the ALJ held that Plaintiff failed to meet the statutory requirements of being "fully insured" for purposes of receiving DIB. *Id.* The Appeals Council denied review. (R. 4-5). Plaintiff, then, appealed to this Court.

The parties have filed cross Motions for Summary Judgment. (Docket Nos. 9 and 13). The case is now ripe for review.

## II. **STANDARD OF REVIEW**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security disability benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial

gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## III. ANALYSIS

Plaintiff argues that the ALJ's determination, that she does not have sufficient quarters[1] of coverage [2] to be fully insured for the purposes of receiving DIB, is not supported by substantial evidence. (Docket No. 10, pp. 3-7). After a review of the

---

[1] A quarter is a period of three calendar months ending on March 31, June 30, September 30, or December 31. 42 U.S.C. §413(1).

[2] A quarter of coverage "is the basic unit of social security coverage used in determining a worker's insured status." 20 C.F.R. §404.140. "[Quarters of coverage] are used in determining insured status." 20 C.F.R. §404.101(b).

record and for the reasons set forth below, I disagree with Plaintiff.

A party's insured status is required for entitlement to DIB. 20 CFR §§404.101, 404.315, 404.320. To be "fully insured," a plaintiff must obtain a particular number of quarters of coverage. The quarters of coverage a person must earn for "fully insured" status are determined by one's date of birth, and may be discounted by periods of disability from which elapsed years, inclusive of the periods of disability, are subtracted. *See,* 20 C.F.R. §§ 404.101, 404.110 (b),(c), 404.115, 404.140, 404.320 (2004); 42 U.S.C.S. §§ 414, 416 (2005). Plaintiff, who was born on June 24, 1954 (R. 68), must have earned 40 quarters of coverage to achieve "fully insured" status. 20 C.F.R. §§ 404.110, 404.115 (2004); 42 U.S.C.S. §§ 414, 416 (2005). The record of evidence, however, indicates that Plaintiff earned only 12 quarters of coverage, from 1992 through 1994. (R. 41-46). Thus, Plaintiff has not obtained enough quarters of coverage to be considered "fully insured."

Plaintiff's argument that she has obtained enough quarters of coverage is without merit. First, Plaintiff appears to argue that she need only establish six quarters of coverage. *See,* Plaintiff's Brief, p. 4. The six quarters of coverage requirement, however, does not apply to Plaintiff. 42 U.S.C. §414(a)(3); 20 C.F.R. §404.110(b). The six quarters of coverage requirement applies only to an individual who died before 1951. *Id.*

Plaintiff next argues that "pursuant to Rules II and III set out at 20 C.F.R. §404.130(c) and (d), Plaintiff meets the disability insured status requirements." *See,* Plaintiff's Brief, p. 4-5. A simple reading of the regulation reveals, however, that in

5

addition to meeting the requirements of Rules II and III, to qualify for disability insured status, a plaintiff "must be fully insured." 20 C.F.R. §404.130(a).  Because Plaintiff does not meet the definition of "fully insured," as set forth above, Plaintiff cannot meet the requirements for disability insured status.

Consequently, I find that the ALJ's determination that Plaintiff's is not fully insured is supported by substantial evidence.

* * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL A. O'CONNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 01-1895 |
| | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **29th** day of August, 2005, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied, and the Commissioner's Motion for Summary Judgment (Docket No. 13) is granted.

BY THE COURT:


/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge